# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as OWNER, and AMERICAN COMMERCIAL BARGE LINE LLC as OPERATOR, OF THE BARGE "PV548B," IN A CAUSE FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, <br><br> Petitioners. <br><br> ESTATE OF MATTHEW A. MILLER, DECEASED, BY RAYMOND L. MILLER, JR., ADMINISTRATOR, <br><br> Claimant. | No. C04-1016-LRR <br><br> **ORDER** |

     The matter before the court is the Motion for Partial Summary Judgment (docket no. 36) filed by Petitioners American Commercial Lines LLC and American Commercial Barge Line LLC on April 12, 2005. The motion is unresisted.

     On April 27, 2004, Petitioners filed suit in a cause of exoneration for and/or limitation of liability in the this court. The admiralty and maritime action was brought pursuant to Federal Rule of Civil Procedure 9(h), the Limited Liability Act (46 App. U.S.C. § 181 *et seq.*), and the Jones Act (46 App. U.S.C. § 688).

     On May 5, 2004, Petitioners filed a Motion for Entry of Injunction and Notice to Claimants. (docket no. 5). On May 26, 2004, the court granted Petitioners' Motion and ordered all parties to file their claims by July 2, 2004. (docket no. 7). On July 2, 2004, the Estate of Matthew A. Miller, deceased by Raymond L. Miller, Jr., Administrator

("Claimant"), filed a claim for wrongful death and answered the Petitioners' complaint. (docket no. 12).

The instant Motion for Partial Summary Judgment was filed on April 12, 2005, pursuant to Federal Rule of Civil Procedure 56(c). In their Motion, Petitioners contend there are no genuine issues of material fact and judgment as a matter of law should be entered in their favor. Claimant has not resisted the motion. Under Local Rule 56.1(b), Claimant's resistance and supporting documents were due on May 6, 2005.[1]

Local Rule 56.1(c) provides: "**Unresisted Motion.** If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . ." Presently, Claimant has neither filed a resistance to Petitioners' Motion for Partial Summary Judgment nor requested an extension of the filing deadline. Given the fact that Claimant's resistance is nearly three months late, the court finds it proper to grant Petitioners' motion on procedural grounds. Claimant has not complied with the court's Local Rules.

Petitioners are also entitled to summary judgment on procedural grounds pursuant to Federal Rule of Civil Procedure 56(e) because Claimant has failed to respond to Petitioners' Motion for Partial Summary Judgment as required by that rule.[2]

---

[1] The Local Rules allow Claimant twenty-four days to resist the Motion. Local Rule 56.1(b) provides: "A party resisting a motion for summary judgment must, within 21 days after service of the motion, serve and file contemporaneously [its resistance]." Federal Rule of Civil Procedure 6(e) allows three additional "mailing" days when documents are served by mail.

[2] Federal Rule of Civil Procedure 56(e) provides in part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not respond,*
(continued...)

Moreover, Claimant has failed to expressly admit, deny, or qualify each of the facts set forth in Defendant's Statement of Material Facts filed by Petitioners pursuant to Local Rule 56.1(a)(3). Claimant's failure to file a response to Defendant's Statement of Material Facts and his failure to expressly deny or qualify with specific reference to the summary judgment record each of the facts included by Petitioners therein, constitutes an admission of each of these facts. *See* LR 56.1(b) ("The failure to respond with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact.").

Despite the fact Claimant has not resisted Petitioners' Motion for Partial Summary Judgment and procedural rules clearly dictate the court should grant Petitioners' unresisted motion, the court may only grant Petitioners' motion with respect to any of Claimant's claims if the court determines Petitioners are entitled to judgment as a matter of law on each claim. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). The court has reviewed controlling law applicable to each of Claimant's claims against Petitioners. In light of Claimant's admissions in the record, the court finds Claimant has not generated a genuine issue of material fact with regard to any of the claims at issue and that Petitioners have met their burden in proving the undisputed material facts in the instant case entitle it to judgment as a matter of law.

In light of the foregoing, **IT IS ORDERED**:

1. Petitioners' Motion for Partial Summary Judgment (docket no. 36) is GRANTED.
2. Claimant's claims for loss of society damages; loss of earnings or loss of accumulation damages; pain and suffering damages; loss of financial support

---

²(...continued)
*summary judgment, if appropriate, shall be entered against the adverse party.* Fed. R. Civ. P. 56(e) (emphasis added).

to decedent's parents, Raymond and Betty Miller; medical or funeral expenses; and benefits for decedent's sister, Lisa Cable, and grandmother, Beverly Miller, are DISMISSED with prejudice.

**IT IS SO ORDERED.**

**DATED** this 4th day of August, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA